UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                              )
UNITED STATES OF AMERICA      )
                              )
    v.                        )   Criminal No. 08-0242 (PLF)
                              )
GREGORY JOEL SITZMANN,        )
                              )
        Defendant.            )
_____)

OPINION AND ORDER

This matter is before the Court on a *pro se* motion by defendant Gregory Sitzmann requesting that the Court find that his attorney provided ineffective assistance of counsel during a hearing that was held on August 16, 2011. The government opposed the motion, and it was discussed at a status conference held on February 1, 2012. Mr. Sitzmann subsequently filed a response to the government's opposition and later supplemented his motion with additional facts. For the reasons discussed below, the motion will be denied.[1]

Mr. Sitzmann identifies two actions of his attorney, Thomas Abbenante, during the August 2011 motions hearing that purportedly constituted ineffective assistance: (1) failing to object to the admission in evidence of a May 18, 2008 letter written by Mr. Sitzmann to his then-attorney Joseph Virgilio; and (2) failing to object during the government's cross-examination of Department of Homeland Security Special Agent William Buss and to elicit certain information

---

[1] The papers filed in connection with this matter include: Request for Court fo Find Defendant's Council [sic] Provided Ineffective Counsel ("Mot.") [Dkt. No. 141]; Government's Opposition to Defendant Sitzmann's Request to Find Defendant's Counsel Provided Ineffective Counsel ("Opp.") [Dkt. No. 142]; Defendant's Response to the Government's Opposition ("Response") [Dkt. No. 150]; Request to File Additional Facts to Support Defendant's Previous[ly] Filed Motion ("Suppl.") [Dkt. No. 152].

on redirect. Mot. at 1. In addition, Mr. Sitzmann brings to the Court's attention a 2002 opinion, United States v. Hylton, 294 F.3d 130 (D.C. Cir. 2002), in which the United States Court of Appeals for the District of Columbia Circuit reversed a conviction after finding that Mr. Abbenante had provided ineffective assistance by failing to object to a witness' testimony on Kastigar grounds.[2]

At a status conference on April 4, 2012, the Court ruled that Mr. Sitzmann had not demonstrated any error on the part of Mr. Abbenante during the testimony and cross-examination of Special Agent Buss, much less error that would constitute ineffective assistance under Strickland v. Washington, 466 U.S. 668 (1984). The Court also explained that the Hylton decision in no way undermines the presumption that Mr. Abbenante has provided the effective assistance of counsel to Mr. Sitzmann in this case.[3] The Court reserved ruling on Mr. Sitzmann's remaining allegation — regarding the admission of the May 18, 2008 letter — in part because the facts surrounding that allegation overlap with facts discussed in a subsequent motion prepared by

---

[2] Although Mr. Sitzmann does not explain why he cites the Hylton opinion, presumably he intends it to show that if Mr. Abbenante has previously provided ineffective assistance based on a failure to object to certain testimony, then similar omissions in this case are less likely to have resulted from sound trial strategy.

[3] The Court notes that in the wake of the Hylton decision and the court of appeals' finding of ineffective assistance, an investigation of Mr. Abbenante's performance was conducted by Bar Counsel, resulting in the issuance of a written opinion. See Hr'g Tr. (2/1/2012) [Dkt. No. 154] at 15. Mr. Abbenante provided a copy of this opinion to the Court and to the government during a status conference and read from the opinion in open court. Bar Counsel concluded: "We find that your explanation for not requesting a Kastigar hearing [is] credible. We do not find that you violated your ethical obligations by failing to request such a hearing. We note that our finding is based upon information available to this office and may not be available to the court. Based on the foregoing, we do not find clear and convincing evidence of any ethical violation on your part." Id. at 16.

Mr. Sitzmann that the Court had not yet reviewed.[4] The Court now concludes that Mr. Sitzmann has not demonstrated that he received ineffective assistance of counsel from Mr. Abbenante with respect to the admission of the May 18, 2008 letter.

I. BACKGROUND

At the August 16, 2011 hearing to which Mr. Sitzmann's motion relates, two witnesses provided testimony relevant to motions that were pending before the Court. One of these pending motions was a Motion to Dismiss Based on Pre-Indictment Delay ("Delay Mot.") [Dkt. No. 61], in which Mr. Sitzmann alleged that the government had delayed indicting him for several years in order to gain a tactical advantage over him, violating his due process rights and warranting dismissal of the indictment. Delay Mot. ¶ 12. The Court had already heard oral argument on this motion in July 2010, but at the earlier argument Mr. Sitzmann's then-counsel, Richard Klugh, made a number of factual assertions that the government disputed and that were not supported by evidence in the record. Hr'g Tr. (7/12/2010) [Dkt No. 85] at 87-89, 92-95. It was agreed that Mr. Sitzmann would supplement his motion to proffer supporting facts and suggest witnesses or items of evidence to support Mr. Klugh's assertions, and that witnesses would be called at a subsequent hearing. Id. at 100-01, 109.

---

[4] Mr. Sitzmann recently drafted a motion to suppress certain evidence and directed Mr. Abbenante to file it. See Docket No. 153-1. Without expressing an opinion on the merits of the motion, Mr. Abbenante has provided it to the Court. See Notice [Dkt. No. 153]. As the Court has explained at length, see United States v. Sitzmann, --- F. Supp. 2d ----, 2011 WL 5904629, at *1-8 (D.D.C. Nov. 28, 2011), throughout this case Mr. Sitzmann has repeatedly accused his various lawyers of ineffective assistance, has vacillated between an intention to proceed *pro se* and to be represented by counsel, and has attempted to litigate his case through a quasi–*pro se* status even while being represented. Mr. Abbenante's decision to provide the Court with Mr. Sitzmann's motion to suppress is a proper response to his client's pattern of conduct: refusal would have provided grist for a new ineffective assistance allegation by Mr. Sitzmann.

In opposing Mr. Sitzmann's pre-indictment delay motion, the government argued that he had demonstrated neither any improper strategic considerations motivating the delay nor any prejudice resulting from that delay. See Government's Opposition to Defendant Sitzmann's Motion to Dismiss Based on Pre-Indictment Delay [Dkt. No. 71] at 2-13. The government asserted that it delayed filing charges not to achieve a tactical advantage but "because the defendant expressed a willingness to cooperate with the United States and because the defendant was incarcerated in France." Id. at 11. Moreover, "by stringing the government along regarding a possible cooperation agreement, the defendant succeeded in weakening the government's case by the death of two government witnesses." Id.

Attempting to rebut the government's "fanciful thesis" that Mr. Sitzmann had been "stringing the government along," Mr. Klugh argued that Mr. Sitzmann had maintained a consistent position throughout his communications with the government that he was liable for no crime and would not plead to anything but was willing to cooperate in exchange for complete immunity. Defendant Sitzmann's Reply [Dkt. No. 79] at 7. At the July 2010 motions hearing, Mr. Klugh briefly reiterated this position, see Hr'g Tr. (7/12/2010) at 92-93, and in his supplemental memorandum he stated that evidence of Mr. Sitzmann's "unwavering position" could be found in his correspondence with the government while he was imprisoned in France. Defendant's Supplemental Memorandum [Dkt. No. 88] at 3. The bulk of both parties' briefing on this motion was devoted to other matters.

The follow-up hearing was delayed for over a year, due in part to Mr. Klugh's unopposed withdrawal from his representation of Mr. Sitzmann. See United States v. Sitzmann, --- F. Supp. 2d ----, 2011 WL 5904629, at *5 (D.D.C. Nov. 28, 2011). The Court then appointed

4

Mr. Abbenante to represent Mr. Sitzmann. At the August 16, 2011 hearing, Mr. Abbenante called the promised supporting witness (Agent Buss) to testify with respect to the pre-indictment delay motion and other pending motions. The government then called John Armbruster, Special Agent with Homeland Securities Investigations, "to discuss the events, particularly going to France, and the length of time that it took." Hr'g Tr. (8/16/2011) at 56-57. Through Mr. Armbruster, the government introduced several documents in evidence. One of these items was a letter dated July 28, 2008, written by Mr. Sitzmann to the prosecutor, Assistant United States Attorney George Eliopoulos. Id. at 71. The letter blamed the parties' failure to reach a plea agreement on allegedly unethical conduct by Mr. Sitzmann's then-lawyer, Joseph Virgilio. Mr. Sitzmann had attached to this letter copies of three letters that he recently had written to Mr. Virgilio; one of those letters was the May 18, 2008 letter at issue here. Id. The July 28, 2008 letter to Mr. Eliopoulos (with the May 18 and other letters attached) was admitted in evidence without objection from Mr. Abbenante. Id. at 81. Both the May 18 letter to Mr. Virgilio and the July letter to Mr. Eliopoulos expressed Mr. Sitzmann's willingness to enter a guilty plea under certain conditions; the apparent purpose of admitting the letters was to rebut the assertion that Mr. Sitzmann "never wavered" from his refusal to plead guilty. See Opp. at 3-4.

  Mr. Sitzmann now argues that Mr. Abbenante should have objected to the admission of the May 18 letter, because it was inadmissible under Rule 410 of the Federal Rules of Evidence. Mot. at 141. That Rule provides that evidence of "a statement made during plea discussions with an attorney for the prosecuting authority if the discussions did not result in a guilty plea or they resulted in a later withdrawn guilty plea . . . is not admissible against the defendant who made the plea or participated in the plea discussions." FED. R. EVID. 410(a)(4).

5

Mr. Sitzmann argues that the May 18 letter, which he sent to Mr. Eliopoulos in July 2008, qualifies as "a statement made during plea discussions" and that Mr. Abbenante should have objected to its admission. Mot. at 2. Mr. Sitzmann does not explain what harm he has suffered as a result of Mr. Abbenante's alleged error, but the relief he seeks is that "this Court . . . allow a rehearing of the issues presented at the August 2011 hearing." Id. The Court therefore interprets his position to be that but for the admission of the May 18 letter the Court may have granted his pre-indictment delay motion and dismissed the indictment.

## II.  DISCUSSION

To prevail on a claim of ineffective assistance of counsel, the defendant bears the burden of showing both that (1) counsel's performance was "deficient," that is, that it "fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. at 688, 694. The Court assesses deficient performance under an objective standard of reasonableness based on prevailing professional norms. Id. at 688.

The Court will assume that Rule 410(a)(4) of the Federal Rules of Evidence — which bars the admission of statements made to prosecutors during plea discussions — applies in a pretrial motions hearing like the one held on August 16, 2011. Cf. United States v. Graham, 91 F.3d 213, 218-19 (D.C. Cir. 1996) (applying Rule 410 to post-conviction hearing on motion under 28 U.S.C. § 2255). The Court also will assume, without expressing any view on the matter, that Mr. Sitzmann's May 18 letter was inadmissible under Rule 410 and that a basis

6

therefore existed for Mr. Abbenante to have objected to its admission.[5] The Court will further assume that a defendant can be "prejudiced" within the meaning of Strickland v. Washington through the denial of a motion to dismiss the indictment, and that Mr. Sitzmann would have suffered such prejudice if there is a reasonable probability that the admission of the May 18 letter affected the Court's denial of his motion. But see Lockhart v. Fretwell, 506 U.S. 364, 369 (1993) ("[A]n analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective."). Even entertaining these assumptions, the Court finds that Mr. Sitzmann has not demonstrated ineffective assistance of counsel.

Recognizing the wide range of sound trial strategy that a constitutionally effective attorney might choose, the Supreme Court presumes that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment"; the burden, therefore, is on the defendant to overcome the presumption that trial counsel's performance "falls within [that] wide range of reasonable professional assistance" and to show that counsel's alleged errors were not the result of sound trial strategy. Strickland v. Washington,

---

[5] The government maintains that Mr. Sitzmann's July 2008 letter to Mr. Eliopoulos — which contained the May 18 letter as an attachment — was covered by a debriefing agreement signed by Mr. Sitzmann and the government on May 15, 2008, in which Mr. Sitzmann waived his Rule 410 rights with respect to statements made during his debriefings with the government. Opp. at 2-4; see Letter to Joseph Virgilio, Apr. 15, 2008 ("Debr. Agr.") [Dkt. No. 75-3]. The debriefing agreement set forth "the ground rules of this and any subsequent 'off-the-record' debriefing(s) with your client," Debr. Agr. at 1, and provided that "if this agreement or the debriefing(s) conducted pursuant to this agreement are subsequently construed as plea bargaining sessions, your client knowingly and voluntarily waives or gives up any rights your client has pursuant to Rule 410 of the Federal Rules of Evidence[.]" Id. at 2. A defendant's waiver of his Rule 410 rights can permit plea bargaining statements to be used against the defendant at trial in rebuttal, United States v. Mezzanatto, 513 U.S. 196, 204-09 (1995), and even in the prosecution's case-in-chief. United States v. Burch, 156 F.3d 1315, 1320-22 (D.C. Cir. 1998).

466 U.S. at 689-90. Moreover, in judging counsel's performance under Strickland, the question is not whether "a particular act or omission" was unreasonable, but whether "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id. In other words, a court must consider the cumulative effect of counsel's errors. See Lindstadt v. Keane, 239 F.3d 191, 202 (2d Cir. 2001) (holding that although some of the errors counsel made would not alone amount to constitutional ineffectiveness, "the cumulative weight of error convinces this Court that the ineffectiveness of counsel reached the constitutional threshold"); Henry v. Scully, 78 F.3d 51, 53 (2d Cir. 1996) (concluding that the court need not determine whether one or two of counsel's errors amounted to ineffective assistance because the "aggregate effect of these three instances of inaction by defense counsel convinces us that the magistrate and district judge were correct in finding" ineffective assistance of counsel).

Mr. Sitzmann has not demonstrated that Mr. Abbenante's failure to object to the admission of the May 18 letter — a single exhibit briefly discussed at a lengthy hearing that focused on other matters — rendered his performance at the motions hearing "outside the wide range of professionally competent assistance." Strickland v. Washington, 466 U.S. at 690. Given the relative insignificance of this letter in relation to the pre-indictment delay motion, see infra at 9-10, and given the legitimate questions about whether Mr. Sitzmann could even assert any Rule 410 rights regarding the letter, see supra at 6-7 & n.5, there was ample reason for Mr. Abbenante to conclude, in his professional judgment, that objecting to the admission of the letter was not warranted and that his energies were better directed toward pursuing other arguments for dismissing the indictment. Mr. Sitzmann has provided no reason to think that Mr. Abbenante's

8

decision not to object was anything other than a reasonable exercise of his professional judgment. As the Supreme Court has admonished, "judicial scrutiny of counsel's performance must be highly deferential." Strickland v. Washington, 466 U.S. at 688.

Furthermore, a finding of ineffective assistance under Strickland requires not only that counsel's performance was deficient but also that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. at 694; see also United States v. Laureys, 653 F.3d 27, 33-34 (D.C. Cir. 2011); United States v. Moore, 651 F.3d 30, 85 (D.C. Cir. 2011). The second, or "prejudice" prong of the Strickland test is based on the Supreme Court's judgment that "'[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding, if the error had no effect on the judgment.'" Hill v. Lockhart, 474 U.S. 52, 57 (1985) (quoting Strickland v. Washington, 466 U.S. at 691).

As noted above, the Court will assume that Mr. Sitzmann suffered prejudice within the meaning of Strickland if there is a reasonable probability that the Court would have granted his pre-indictment delay motion but for the admission of the May 18 letter. Mr. Sitzmann, however, has offered no reason to believe this to be the case. Cf. United States v. Laureys, 653 F.3d at 36-37 (Henderson, J., concurring in part and dissenting in part). The letter played at most a peripheral role in the arguments surrounding that motion; it was not mentioned in the government's opposition, was not discussed at the July 2010 motions hearing, and was discussed only briefly during the August 2011 follow-up hearing. See Hr'g Tr. (8/16/2011) at 82-83. Mr. Sitzmann had alleged a strategic delay in indicting him of over four years, but the May 18 letter was relevant, if at all, only to the last three months of that period. When the Court,

9

on September 8, 2011, explained its reasons for denying Mr. Sitzmann's pre-indictment delay motion, the Court did not mention any of the exhibits admitted during Agent Armbruster's testimony, nor did it discuss the small portion of Armbruster's testimony that related to Mr. Sitzmann's willingness to enter a plea. The Court instead cited numerous other considerations demonstrating that Mr. Sitzmann had made no showing either of intentional delay by the government or of actual prejudice; none of these considerations had anything to do with the May 18 letter. Hr'g Tr. (9/8/2011) at 24-35 (unofficial rough transcript). Mr. Sitzmann therefore has not raised any inference that the Court conceivably might have ruled differently on his motion had the letter not been admitted in evidence.[6]

The Court does not find that Mr. Abbenante's failure to object to the admission of the May 18 letter constituted deficient representation or that this alleged deficiency prejudiced Mr. Sitzmann in any way. Mr. Sitzmann's motion for a finding of ineffective assistance of counsel therefore will be denied.

In addition, the Court has now reviewed the document recently prepared by Mr. Sitzmann that Mr. Abbenante has provided to the Court — a purported motion to suppress information received by the government during its 2008 debriefings with Mr. Sitzmann. See

---

[6] Mr. Sitzmann also suggests that he has suffered or will suffer other forms of prejudice from the admission of the letter: "By this letter being admitted into the court record, and without the whole 'story' being presented Defendant will be prejudiced throughout his trial, and if needed, his appeal." Response at 10. The Court cannot make a finding of ineffective assistance based on undefined "prejudice" that may occur at some point in the future. To the extent that Mr. Sitzmann objects to the letter having been "admitted into the court record," that development occurred well before Mr. Abbenante joined the case: in January 2011 the government attached the letter as an exhibit to its opposition to one of Mr. Sitzmann's other motions. See Dkt. No. 93-2. As for the upcoming trial, the government represented at the status conference on April 4, 2012 that it has no intention of offering as evidence the debriefing statements of Mr. Sitzmann taken in France or the letters related to them.

Notice [Dkt. No. 153]; "Motion to Suppress" [Dkt. No. 153-1]. Having reviewed this document, the Court finds no reason to treat it as a properly filed motion and to formally deny it, particularly in light of the government's representation at the April 4, 2012 status conference that it does not intend to offer as evidence at trial any of the defendant's statements from those debriefing sessions.

### III. CONCLUSION

For the foregoing reasons, it is

ORDERED that Mr. Sitzmann's motion to find that his counsel provided ineffective assistance [Dkt. No. 141] is DENIED.

SO ORDERED.

DATE: April 9, 2012

/s/
PAUL L. FRIEDMAN
United States District Judge