UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

V.   Cr. case no. 08-242 (PLF)

GREGORY JOEL SITZMANN

Defendant

MOTION REQUESTING THE COURT TO CONSIDER ADDITIONAL EVIDENCE IN DECIDING THE DEFENDANTS RULE 29- RULE 33, INEFFECTIVE ASSISTANCE OF CONUNSEL, AND THE MOTION REDQUESTING THE GRAND JURY TRANSCRIPTS PENDING BEFORE THIS COURT

COMES NOW DEFENDANT, Gregory J. Sitzmann, requesting this Court to include the evidence submitted thru this motion in it's consideration of Defendant's previous filed motions. Defendant request this Court to consider this information as his request to his trial Attorney, Thomas Abbenante to confront the government witness during trial with the following information went upon deaf ears. Also Mr. Knight, the Attorney appointed to file post trial motion, did not include some of this information in his motions.

These documents are important to show what information the Government knew and when they knew this information. The R.O.I. written by Agent Buss on 7/21/04, after debriefing George Jones and the sworn statement of Mr. Jones of 5/12/04, which was read to the indicting Grand Jury, are both absent of any allegation from Mr. Jones that Mr. Sitzmann had any involvement in Mr. Jones March 26, 2004 drug deal that allowed the District of Columbia to charge him and have venue over Mr. Jones and his co-conspirators. Although Mr. Jones never implicated Mr. Sitzmann in this drug deal the Government, without presenting to the indicting Grand Jury any accusation from Mr. Jones, the only person who could have implicated Mr. Sitzmann in this drug deal, or any other person, tried and convicted him of this crime.

## FACTS

| | |
|---|---|
| 10/2000 | Investigation starts concerning defendant Sitzmann (8/16/11 Hr. Test. p. 16 L21 of Agent Buss. |
| 10/00 thru 2/12/04 | No tapes of Sitzmann-from the inception of the case--although the Government claimed to have a C.I. reporting to his control agent on a regular basis. Agent Buss test. Doc. # 129 p.40 L22-p 41 L5 |
| 02/22/04 | Sitzmann is arrested in France Tr. Test. of Agent Buss 4/30/12 |
| 2/28/04 | Agent Buss is informed of Sitzmann's arrest in France, he then begins a "sting" Operation to arrest George Jones "to get information on Sitzmann" Tr. Test. of Agent Buss 4/30/12 P9 L6-8 |

> A.U.S.A. Eliopoulos: Q. And what was the purpose of investigation of Mr. Jones.
>
> Agent Buss  A.  Eventually to get more information on Mr. Sitzmann.

| | |
|---|---|
| 3/26/04 | Agent Buss arrest George Jones at his house in Florida with 16 kilograms of cocaine in a "reverse" sting operations. |
| 5/12/04 | George Jones pleads guilty to drug and money laundering charges and co-operates with police and signs a "sworn statement of facts". (ex. B 1) NOTE: Nowhere in this statement does Mr. Jones allege Mr. Sitzmann had any knowledge or participation in his 3/26/04 drug deal which gave the District of Columbia venue *over him and his co-conspirators*. |
| 07/21/04 | Agent Buss, after debriefing Mr. Jones after he had become a co-operating witness for the Government wrote R.O.I program 301 no 007. (ex A) NOTE: Mr. Abbenante refused to confront either Agent Buss or Agent Rine with this information during trial. |

*Nowhere in this report*, or any other turned over by the Government, is it recorded that *Mr. Jones ever implicated Mr. Sitzmann as having any knowledge or participation in*, the March 2004 drug deal between Mr. Jones and the Government informant, Terry

Colligan--the person Mr. Jones had order Mr. Mesa to wire money to in Washington D.C. thus, according to this Court's ruling, gave the District of Washington D.C. venue over Mr. Jones and his co-conspirators under 18-3237.(ex. A)

It should be no "stretch" to believe either Agent Buss or another law enforcement agent asked Mr. Jones if Mr. Sitzmann was involved in any way with his drug deal between him and Mr. Colligan (the government informant) or if Mr. Jones had any information of Mr. Sitzmann's illegal activities within Washington, D.C. venue.

It also would not be a "stretch" to believe Mr. Jones explained Mr. Sitzmann had no knowledge or involvement in his drug deal with Mr. Colligan in March of 2004 or had any information of Mr. Sitzmann's illegal activity within the District of Washington D.C, within the statue of limitation, or Agent Buss would have recorded this information for future investigators or to "lock-in" Mr. Jones statement.

During the investigation and arrest of Mr. Jones Assistant United States Attorney John Dominguez was in Charge of the case.

Before Mr. Jones first grand jury appearance Mr. George Eliopoulos took control of the case.

Mr. Eliopoulos in December of 2013 wrote a letter to Paul Knight, Defendant's Attorney, and summarized Mr. Jones Grand Jury testimony and included his "sworn" statement read to the indicting Grand Jury. (ex. B 1-2)

> NOTE: Mr. Eliopoulos *does not state* the following transcripts from Mr. Jones Three Grand Jury appearances were read to the indicting Grand Jury.

6/29/05      Jones first Grand Jury appearance:

> Mr. Eliopoulos wrote: The June 29, 2005 grand jury transcript of George Jones Contains no information of the 16 kilogram reversal.....

12/22/05     Jones second Grand Jury appearance:

> Mr. Eliopoulos writes:.....There was no reference to Mr. Sitzmann's involvement, or lack of involvement, in the sting operation.

02/17/06    Agent Green wrote in R.O.I. program 340 no. oo2. (ex. C p.2 )

        This was written "after reading ROI's and Grand Jury Testimony".

        Jones is now a cooperating with the government and has testified that Alexander Mesa was involved in the instant conspiracy since it's inception. Alexander Mesa was to receive the cocaine and in turn distribute it to "POPS". "POPS" has been identified as BRUCE E. FRAZLEY. Pops intended to distribute the cocaine in the Kansas where he lives.

        Note: Clearly the Government knew who "Pops" was even through Mr. Eliopoulos continue to try to "tie" Defendant to "Pops" who he knew Mr. Sitzmann did not know from Mr. Jones and Mr. Mesa

7/05/07     Jones third Grand Jury appearance:

        Again there is nothing, according to Mr. Eliopoulos where Mr. Jones Implicated Mr. Sitzmann in Mr. Jones March 2004 drug conspiracy.

        NOTE: From March of 2004, when Jones became a co-operating witness, did the Government indict either Mr. Mesa or Mr. Frazley who Jones identified as his co-conspirators.

08/00/08    On or about the fifth of August 2008 Mr. Jones entered a hospice in Florida where he remained till his death on August 13, 2008.

        Note: Mr. Jones was on supervised released and monitored weekly.

The Government claims they never knew Mr. Jones was sick and dieing. Yet it seems *"strange"* that *the only person who could implicate Mr. Sitzmann* in the March 2004 drug deal Mr. Jones had with Mr. Colligan, which would have given Washington, D.C. venue over Mr. Sitzmann *was never called to testify*. Instead the Government chose to read a "sworn" statement of Mr. Jones, which he gave when pleading guilty, (ex. B 2 ) and in which he never implicates Mr. Sitzmann of having any involvement in the March 2004 drug deal in which Washington, D.C. had venue.

8/05 & 07

   08       Mr. Eliopoulos presents evidence for the Grand Jury to indict Mr. Sitzmann:

        Mr. Jones swore statement of 5/12/04 is read before the Grand Jury. (ex. )

        Agent Rine testifies on August 5 and 7, 2008 (ex. D 1-2)

            No where in the testimony of Agent Rine does he implicate Mr.

                Sitzmann had any knowledge or involvement in the "Jones -- Colligan" drug deal in March of 2004 which gave the District of Columbia "venue" to charge Mr. Jones.

8/07/08       Indictment is issued in the District of Columbia against Mr. Sitzmann

                The question needs to be asked: How does the District of Columbia have venue to charge Mr. Sitzmann?

                Possible under 18-3238? As Mr. Eliopoulos stated on 8/16/11 at a hearing Hr. Tr. P 100 L 15 where venue was being discussed. (ex. E )
                …And in light of the fact venue is also appropriate under 3238…
                Where the District of Columbia would have default venue in this case.

                But 3238 states:
                    The trial of all offenses begun or committed upon the high seas, or elsewhere out of the jurisdiction of any particular State or district.

08/08/09     Defendant Sitzmann was released from French incarceration and escorted back to the United States by French (military) law enforcement while in custody. He was delivered to United States Law enforcement at Dulles Airport in the Northern District of Virginia, where he was put under arrest. Mr. Sitzmann asked for, and was shown , the indictment issued in Washington, D.C. on August 7. 2008 against him.

09/08/11     During the hearing held on this date the Judge ruled the Government had venue under 3237. Mr. Eliopoulos argued the Government should also have venue under 3238. The Court did not decide the issue concerning venue under 3238. (minute order)
                NOTE: This Court had previous ruled in U.S v. Rico Williams, a case involving a venue issue, venue was in the District where the Defendant was arrested.

How could statue 18-3239 apply-when?

1. Mr. Eliopoulos wrote in Doc. No 58 p. 3 no. 2 (Bill of Particulars")
"The conspiracy started when Defendant Sitzmann was incarcerated with the Government witness Gary Paulson at M.C. C. Miami in or around 1990
2. In Mr. Jones "sworn statement" he states there were illegal overt acts in the 90s Florida, Illinois, Texas, and Michigan.
3. Agent Rine's testimony states overt acts in all the above states and districts and more!

Clearly all these alleged "overt acts' were within a State or District thus eliminating any indictment of Mr. Sitzmann in the District of Columbia under this statue.

The only other venue statue the Government could have used to indict Mr. Sitzmann would have been 18-3237, but again how could this apply when before the indicting Grand Jury in August of 2008:

1. Mr. Jones, the only person who could implicate Mr. Sitzmann in the March 2004 drug deal that gave the District of Columbia venue over him and his co-conspirators, *does not* implicate Mr. Sitzmann in his "sworn" statement read to the indicting Grand Jury. (ex. B) Also Agent Buss never recorded in his R.O.I of the debriefing of Jones that he Alleged Mr. Sitzmann had any involvement in the March 2004 drug deal.

2. Agent Rine gave no testimony alleging Mr. Sitzmann had any involvement in the 2004 Jones- Colligan drug deal--the only alleged "overt" act committed to give the District of Columbia venue under 18-3237.

If the Government provided no testimony before the indicting Grand Jury, thru a sworn statement of Mr. Jones, that alleged Mr. Sitzmann was involved in the Jones- Colligan drug deal does it not need to be asked ---what crime was Mr. Sitzmann indicted for? And how did the District of Columbia have venue?

Concerning Defendants request for the Grand Jury Transcripts:

Law enforcement officials routinely state when confronting suspects "only the guilty do not want to speak to law enforcement". By Mr. Eliopoulos not allowing the Grand Jury transcripts to "speak?" Is he trying to "hide" something or is guilty of something?

Defendant request this Court to consider the information in this motion and to incorporated it into the record and fine for the Defendant in his motions pending before the Court

including his motion for mistrial because of ineffective assistance of Counsel he requested to be re-instated.

Respectfully Submitted

Gregory Joel Sitzmann